The City of Rochester, Respondent, *v.* John H. Campbell et al., as Executors, etc., Appellants.

Where a new right is created or a new duty imposed by statute, which also gives a remedy for its violation or non-performance, the remedy given is exclusive.

No obligation rests upon owners of lots in a city to repair a street or sidewalk in front of their lots, in the absence of a statutory obligation imposed by the state or the municipality.

By plaintiff's charter (§ 218, chap. 13, Laws of 1880) it is made the duty of the owner of every lot or piece of land in the city to keep the sidewalk adjoining his premises in good repair. It is also provided that if the owner shall neglect to repair within five days after service upon him of written notice so to do, the superintendent of streets shall have the power to make the repair and collect the expense from the owner. *Held*, that in the absence of any claim of negligence or breach of some contract duty, an action was not maintainable against a lot owner to recover

the amount of a judgment against the city for damages sustained by one who, in consequence of a defect in the sidewalk in front of said owner's premises, had been thrown down and injured; that as a duty was imposed upon the municipality by its charter to keep its streets in good and safe condition, and so, through its common-law liability, abundant indemnity was provided for any damages caused by defective streets, the purpose of the provision was not the protection of the public or individuals, but to furnish the municipality, by a proper distribution of burdens, the means of discharging its duties; and that the lot owner could only be made liable for any expense the corporation incurred in making the necessary repairs.

*It seems* that in the absence of any statutory provision a recovery over may only be allowed against a lot owner in favor of a municipality, which has been compelled to pay damages for injuries resulting from a defect in its streets, where the defect has been caused by the wrongful act or negligence of such owner.

*It seems*, also, that in such a case the municipality, by payment, becomes practically subrogated to the cause of action which the injured party originally had; the primary liability resting upon the one who created the dangerous condition which caused the injury.

*City of Rochester* v. *Montgomery* (72 N. Y. 65); *Village of Port Jervis* v. *First Nat. Bk.* (96 id. 550); *Robbins* v. *City of Chicago* (4 Wall. 657); *City of Lowell* v. *Short* (4 Cush. 275), distinguished.

*City of Rochester* v. *Campbell* (55 Hun, 138), reversed.

(Argued June 16, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1890, which reversed a judgment in favor of defendant entered upon an order sustaining a demurrer to the complaint herein.

The nature of the action and the averments of the complaint, so far as material, are stated in the opinion.

*Eugene Van Voorhis* for appellants. There being no allegations of negligence contained in the complaint, the action cannot be maintained. The only ground of liability alleged is failure on the part of defendants' testator to perform a duty imposed upon him by statute. The provision of the statute to which the complaint refers (section 281 of the city charter quoted above) cannot be construed as creating a general liability on the part of lot owners of the city of Rochester, for a failure

to keep the sidewalks in front of their premises in repair. (*Moore* v. *Gadsden,* 93 N. Y. 12; *Village of Fulton* v. *Tucker,* 3 Hun, 529; *City of Hartford* v. *Talcott,* 48 Conn. 525; *City of Keokuk* v. *I. D., etc., Co.,* 53 Ia. 352; *Kirby* v. *Boylston Market,* 14 Gray, 249; *Flynn* v. *C. Co.,* 40 Md. 323; *Jansen* v. *Atchison,* 16 Kan. 358; *People ex rel.* v. *McClave,* 99 N. Y. 89; 1 R. S. 465; *Taylor* v. *Mayor, etc.,* 82 N. Y. 19; *Sharp* v. *Spire,* 4 Hill, 559; Cooley on Const. Lim. 393.) A remedy in case the lot owner shall fail to repair his sidewalk, is provided by the terms of this statute. If he fails to make the repairs after notice has been given him to do so, the city is allowed to do the repairing for him and collect the expense thereof from the lot owner. The familiar rule is that, where a new right is created or a new duty imposed by statute, if a remedy be given by the same statute for its violation or non-fulfillment, the remedy given is exclusive. (1 Addison on Torts, chap. 1, § 2, art. 58; Cooley on Torts, 653; *Brown* v. *B. & S. L. R. R. Co.,* 22 N. Y. 197; *Beham* v. *People,* 17 id. 516; *People* v. *Stephens,* 13 Wend. 341; *Rex* v. *Robinson,* 2 Burr, 800; *Heeny* v. *Sprague,* 11 R. I. 456; *Grant* v. *Slater Co.,* 14 id. 388; *Flynn* v. *Canton Co.,* 40 Md. 325; *Borden* v. *Brocker,* 10 Pick. 389.) If this statute can be construed to make the property owners of the city of Rochester liable for damages to any person who may be injured by their failure to keep their sidewalks in repair, it is unconstitutional. (*In re Coughlin,* 62 How. Pr. 36.) If it was the duty of James Campbell to keep the sidewalk in front of his premises in repair, and by reason of his failure to perform that duty, Margaret Ferguson obtained a cause of action against him for damages for injuries received, nevertheless the city cannot maintain this action to reimburse it for the amount of the damages recovered by said Ferguson in an action against the city of Rochester. (*Pearson* v. *Skelton,* 1 M. & W. 504; *Peck* v. *Ellis,* 2 Johns. Ch. 131; *City of Boston* v. *Worthington,* 10 Gray, 500; *City of Chicago* v. *Robbins,* 2 Black, 422; *Fahey* v. *Harvard,* 62 Ill. 28; 2 Thomp. on Neg. 787; *Hickok* v. *Trustees of Plattsburg,* 16 N. Y. 161.) James Campbell died

December 3, 1886, about one month after Margaret Ferguson was injured, and a few days before she commenced her action against the city. If Margaret Ferguson ever had a cause of action against James Campbell, growing out of her fall on the sidewalk in front of his property, it abated on his death. Her action was based upon a wrongful act, and the damages claimed were for personal injuries. (2 R. S. 477, tit. 3, art. 1, § 2; Code Civ. Pro. § 764; *Hegerich* v. *Keddie*, 99 N. Y. 258; *Moriorty* v. *Bartlett*, Id. 651; *Victory* v. *Cross*, 41 Hun, 533; 2 Thomp. on Neg. 790; *Knox* v. *Sterling*, 73 Ill. 214; 1 Thomp. on Neg. 558; S. & R. on Neg. §§ 8, 13; Pollock on Torts, 23, 24, 464, 466; *Kunpfle* v. *K. Co.*, 84 N. Y. 488; *McRickard* v. *Flint*, 114 id. 222; *Brackett* v. *Griswold*, 103 id. 425; *Blake* v. *Griswold*, 104 id. 613; Code Civ. Pro. §§ 755, 1910; *Victory* v. *Krauss*, 41 Hun, 534; *Zabriskie* v. *Smith*, 13 N. Y. 322; *Chamberlain* v. *Williamson*, 2 M. & S. 408; *Price* v. *Price*, 75 N. Y. 244; *Wade* v. *Kalbfleisch*, 58 id. 282; Leake on Cont. 1258, 1259; *Best* v. *Vedder*, 58 How. Pr. 187; *Forbes* v. *McCarthy*, 18 Civ. Pro. Rep. 71; *R. P. Co.* v. *Dougherty*, 32 Hun, 255; *Furber* v. *Smith*, 54 id. 435.)

*Henry J. Sullivan* for respondent. It was the duty of the defendants' testator, at the time of the accident to Mrs. Ferguson, to keep the sidewalk adjoining his premises, upon which the injury occurred, in good repair, and for a failure to do so a right of action accrued in favor of Mrs. Ferguson, to recover from him her damages resulting from such failure. (Laws of 1861, chap. 143, § 218; Laws of 1880, chap. 14; Laws of 1881, chap. 243, § 11; *Vil. of Fulton* v. *Tucker*, 3 Hun, 529, 531; 5 T. & C. 621, 622, 623; *Morton* v. *Smith*, 48 Wis. 265; Deering on Neg. § 176; Angell on Highways [3d ed.], § 298; *Avery* v. *City of Syracuse*, 29 Hun, 539; *Grey* v. *M., etc., Co.*, 55 Ala. 387; *Jetter* v. *N. Y. & H. R. R. Co.*, 2 Keyes, 162, 163; *Willy* v. *Mulledy*, 78 N. Y. 310, 314; *Little* v. *Banks*, 85 id. 258, 263, 264; *Rochester* v. *Campbell*, 55 Hun, 138; *Palmer* v. *Barnard*, 135 Mass. 116, 120; *Haskell* v. *Vil. of Penn Yan*, 5 Lans. 44, 51; *Russell* v. *Vil-*

*lage of Canastota*, 98 N. Y. 496.)   The city being compelled to
pay damages to Mrs. Ferguson for injuries resulting to her by
reason of the failure of the defendants' testator to perform
his statutory duty and keep the walk in good repair, the
latter being thus primarily liable therefor, had a right of
action to recover from the testator, if living, and from his
estate if dead, the amount it thus paid by reason thereof.
( *Vil. of Fulton* v. *Tucker*, 3 Hun, 529, 531; 5 T. & C. 622,
625; *Haskell* v. *Penn Yan*, 5 Lans. 44, 51; Angell on High-
ways, § 298; *Vil. Port Jervis* v. *F. N. Bank*, 96 N. Y. 550;
*Rochester* v. *Montgomery*, 72 id. 67; *Mayor, etc.*, v. *Dim-
mick*, 49 Hun, 241; *Lowell* v. *B. & L. R. R. Co.*, 23 Pick.
23, 24; *City of Brooklyn* v. *B. C. R. R. Co.*, 47 N. Y. 476,
486, 487.)   This action to recover the amount paid by the
city to Mrs. Ferguson is one founded upon contract alone.
( *City of Brooklyn* v. *B. C. R. R. Co.*, 47 N. Y. 476; *City of
Troy* v. *T. R. R. Co.*, 49 id. 657.)   Even though the action
was founded in tort it survived against the defendants as such
executors.   (*State* v. *Starkweather*, 8 J. & S. 453, 461, 462;
*Moore* v. *McKinstry*, 37 Hun, 194; *Graves* v. *Spier*, 58 Barb.
385; *Bond* v. *Smith*, 4 Hun, 48; *Dininny* v. *Fay*, 38 Barb.
18, 20; *Smith* v. *N. Y. & H. R. R. Co.*, 28 id. 605; *Scott* v.
*Brown*, 24 Hun, 620, 622; *Cregin* v. *B. C. R. R. Co.*, 75
N. Y. 192; 83 id. 595; *Potter* v. *Van Vrankin*, 36 id. 619,
625; 3 R. S. [8th ed.] chap. 8, tit. 3, art. 1, § 1; *Hegerich* v.
*Keddie*, 99 N. Y. 261.)

RUGER, Ch. J.   The questions involved in this appeal are
raised by a demurrer to the complaint, alleging that it does
not contain facts sufficient to constitute a cause of action.

The action, as stated in the complaint, is based upon a
liability alleged to have been incurred by the defendants' tes-
tator under a clause in the charter of the city of Rochester,
which provides that " It shall in all cases be the duty of the
owner of every lot or piece of land in said city to keep the
sidewalks adjoining his lot or piece of land in good repair, and
also to remove and clear away all snow and ice or other

obstruction from such sidewalk." It was further provided that "the superintendent of streets shall have the power to repair any sidewalk, when the owner of the property shall neglect to repair the same for five days after written notice so to do has been served on him;" and "the street superintendent shall also have the power to collect the expense of any such work or repair from the owner of the property."

The complaint alleged, in substance, that the defendants' testator was the owner of a lot on Strong street, in the city of Rochester, and that in front of and adjoining said premises there was a sidewalk for pedestrians using said street; that it became, and was, the duty of said testator, under and by virtue of the acts relating to the city of Rochester and forming its charter, to keep said sidewalk in good repair; that the said testator omitted this duty, whereby one Margaret A. Ferguson, while walking carefully along said street and sidewalk, and without fault or negligence on her part, stepped into a hole in said sidewalk, and was thereby thrown down with great violence, and permanently hurt and injured. It was also alleged that said Margaret had brought an action against the city of Rochester for the damages occasioned to her by said injury, and recovered therein, and that the city of Rochester had paid the amount of the judgment so recovered against it. It was also alleged that the defendants' testator died before such action was commenced, and left a last will and testament whereby the defendants were appointed his executors; that such executors were notified by the city of Rochester of the pendency of the action, and requested to come in and defend the same, and that they were represented by counsel on the trial.

It will be observed that the complaint does not charge the defendants' testator with negligence, or the breach of any contract duty; but his liability is predicated wholly upon the statutory obligation to repair, and the assumption that an omission to perform it imposes a liability in favor of all persons who may be injured by reason of such omission. The principles governing actions of this general character have been

the subject of frequent consideration in the courts of this and other states, as well as the federal tribunals; and certain propositions may safely be assumed, in the further consideration of the case, as being too well settled to require argument or citation to support them. Among these are the following: (1) That municipal corporations in this state are charged with the care, custody and control of the streets and highways within their limits, and the duty, primarily, rests upon them to keep such streets and highways in repair, so that they may be safely traveled upon by all having occasion to use them, and this duty is based upon the contract implied through the acceptance of a charter by such corporation from the state, devolving upon them the performance of such duties. (*Conrad* v. *Village of Ithaca*, 16 N. Y. 158; *Saulsbury* v. *Village of Ithaca*, 94 id. 27.) (2) That such corporations are liable for damages arising from a neglect to perform this duty, in an action *ex delicto*, to persons lawfully using such streets and sidewalks, notwithstanding a duty to repair is also imposed upon the property owners in front of whose premises the injury occurred. (*Russell* v. *Village of Canastota*, 98 N. Y. 496; *State* v. *Gorham*, 37 Me. 457; *Gridley* v. *Bloomington*, 88 Ill. 554; *Robbins* v. *City of Chicago*, 4 Wall. 657; *Saulsbury* v. *Village of Ithaca*, 94 N. Y. 27.) (3) If a municipal corporation has been compelled to pay a judgment for damages recovered by a traveler for injuries sustained from a defect or obstruction in one of its highways, which defect or obstruction was created by the willful act or negligence of a third person, it may maintain an action against such third person for reimbursement, and the rule is the same when it has paid an undoubted liability without suit. (Thompson on Negligence, 789; *City of Rochester* v. *Montgomery*, 72 N. Y. 65; *Village of Fulton* v. *Tucker*, 3 Hun, 529.) (4) So, also, if the municipality has provided by contract with third persons for keeping its street in repair, and has been, through a neglect by such party to perform his contract, subjected to damages at the suit of an injured party, it may recover from such party the sum which it has thus been compelled to pay. (5) The measure of

damages in such cases is the loss sustained by the injured party, and paid by the municipality with such incidental expenses as may have been incurred in defending the action. (Thompson on Negligence, 791; *City of Brooklyn* v. *Brooklyn City R. R. Co:*, 47 N. Y. 476.) (6) That no obligation to repair streets or sidewalks rests upon the lot owners at common law, but the duty to do so, if any, arises out of the statutory obligations imposed by the state or municipality upon them. ( *Village of Fulton* v. *Tucker*, 3 Hun, 529; Dillon on Municipal Corporations, § 1012.) (7) When a corporation is sued for damages arising out of defects and obstructions in its streets and highways, created and continued by third persons, against whom the corporation has a cause of action for reimbursement, it may impose the burden of defending such actions upon such persons by notice, and in case they do not defend successfully, or neglect to make any defense, they are bound by the result of such suit, and cannot in any subsequent litigation between themselves and the corporation successfully dispute the material facts on which the adjudication rests. (*City of Rochester* v. *Montgomery*, 72 N. Y. 65; *Village of Port Jervis* v. *First Nat. Bank of Port Jervis*, 96 id. 550.)

Assuming the correctness of these propositions, the question which first presents itself is, whether abutting owners incur any liability to individuals or municipalities, for damages arising from streets rendered defective through want of repairs, under a charter like that in question.

The theory upon which actions have heretofore generally been sustained in favor of municipal corporations against wrong doers, for damages which they have been compelled to pay individuals injured through defects or obstructions in streets and highways, is that such corporations have succeeded, in some way, to the remedies of the injured party against the wrong doer. Recoveries have been allowed in such cases only where the wrong doer is responsible generally to all who are injured by his act, and when corporations have been compelled to pay damages for a wrongful act perpetrated by another in public highways, they become entitled to maintain

an action against such persons for indemnity, from the liability which the wrongful act of the tort feasor has brought upon them. In other words, the municipality, by payment, becomes practically subrogated to the cause of action against the tort feasor which the injured party originally had, and it can recover against such tort feasor only by proving the injury; the negligence of the defendant; the extent of the damages, and the fact of payment by it. (*City of Rochester* v. *Montgomery*, 72 N. Y. 65; *Village of Port Jervis* v. *First Nat. Bank of Port Jervis*, 96 id. 550; *City of Chicago* v. *Robbins*, 2 Black. 418; *Robbins* v. *City of Chicago*, 4 Wall. 657; *City of Brooklyn* v. *Brooklyn City R. R. Co.*, 47 N. Y. 486.)

In these cases the primary liability rested upon those who created the dangerous condition through which injury resulted and the municipality having been forced to pay such damages to one injured, it became subrogated to the remedies of the party whose damages had been satisfied. It was held in the case of *Lowell* v. *Boston and Lowell Railroad Company* (23 Pick. 34) that " if the defendants had been prosecuted instead of the town, they must have been held liable for damages, and from this liability they have been relieved by the plaintiffs. It cannot, therefore, be controverted that the plaintiffs' claim is founded in manifest equity. The defendants are bound in justice to indemnify them, so far as they have been relieved from a legal liability, and the policy of the law does not, in this instance, interfere with the claim of justice."

It is, therefore, essential, in this case, for the plaintiff to establish the original liability of the defendants' testator for the injuries inflicted, to the party injured, and if it fails to do this, it must necessarily fail in the action  This is attempted to be done through the provisions of the charter. That statute, however, does not, in terms, assume to make the lot owners liable to the party injured, and we do not think there is anything in its spirit or meaning which creates such a liability.

It is argued that the liability is created by force of the rule that " where the statute enacts or prohibits a thing *for the benefit*

*of a person* he shall have a remedy upon the same statute for
the thing enacted for his advantage, or for the recompense of
a wrong done to him contrary to the said law." This rule
undoubtedly embodies a sound proposition of law and has
been frequently approved and enforced in our courts (*Willy*
v. *Mulledy*, 78 N. Y. 310), but it is not broad enough to
cover the present cause of action. There is nothing in this
statute showing that the duty of repairs was imposed upon the
lot owners for the benefit of the public generally, or any par-
ticular class of individuals. On the contrary, it is quite
obvious that neither the public or individuals at all needed
its benefits. They were already sufficiently secured in the
right to have passable and safe highways, by the obligations
of the charter requiring them to be furnished by the munici-
pality, and abundant indemnity was provided for any dam-
ages that might be sustained from defective streets through
the common-law liability of the corporation therefor. The
statute, therefore, had some other object and purpose, and
that can be found in the necessity of furnishing to the munici-
pality, by a proper distribution of burdens, the means of dis-
charging its duty to keep the streets in repair, and that alone.

We think the lot owners are liable to the municipality upon
a neglect to repair the streets after notice, for the expense
which the corporation has incurred in making such repair;
but this, we think, is the extent of their liability under the
statute. It is a familiar rule in the construction of statutes
that where a new right is created, or a new duty imposed by
statute, if a remedy be given by the same statute for its viola-
tion or non-performance, the remedy given is exclusive, and
we think this statute is clearly within the meaning and spirit
of this rule. The statute clearly points out the liability which
is incurred by the lot owners for a neglect to make repairs,
and gives the street superintendent an action to recover the
damages suffered by the municipality from such cause. This,
evidently affords a full indemnity to the city for any neglect
of the lot owners, and ample means to discharge its duty to
make repairs. It seems entirely unreasonable to suppose that

the act was intended to impose the same duty upon two independent bodies.

The obligation of the municipality to make such repairs is unconditional and unquestioned. It is not only charged with the duty of keeping the streets in repair and regulating the uses and purposes to which they may be devoted, but it has the power to permit temporary obstructions and erections to be made in them, and to make excavations, authorize disruptions and grant permanent appropriation of rights under the streets to individuals and corporations desiring to occupy them for public purposes

It cannot be supposed that the legislature intended to impose an absolute duty to repair upon an individual who could not exercise it except under the control of another. That the primary duty rests upon the municipality, notwithstanding a duty has also been imposed upon property owners, has been decided in this court (*Russell* v. *Village of Canastota, supra*), and it is inconsistent with this duty and the control which the municipality has of the streets to suppose that it was intended to impose a primary duty also upon the property owners. The two obligations are inconsistent with each other and can lead only to confusion and delay in the performance of a public service. The existence of an absolute power of control in one party, and an imperative obligation to repair in another is impossible. The obligation to repair is necessarily subservient to the other, and must be performed or neglected at the will and pleasure of the party having the right of control. There is no divided duty here. The obligation to keep the streets and highways in repair rested on the towns. They could always perform this duty through the agency of others, and for the purpose of enabling them to do so they could, in specific cases impose its performance on the lot owners, or compel them to pay the expense the town was subjected to in case it performed the duty, but the paramount obligation always rested upon the corporation.

We have thus seen that the immunity of the lot owner from liability for damages for defects in streets, is founded in reason

and justice, and is supported, not only by authority, but by the uniform current of authority, not only in this, but in our sister states. The cases referred to in the court below to support the doctrine of the right of the municipality to recover in such cases are: *City of Rochester* v. *Montgomery* (72 N. Y. 65); *Village of Port Jervis* v. *First National Bank of Port Jervis* (96 id. 550); *Robbins* v. *City of Chicago*, (4 Wall. 657); *City of Lowell* v. *Short* (4 Cush. 275). These were all cases where the dangerous conditions of the street were created by the defendants, and they were held liable for the consequences of their unlawful acts, under their common-law obligations as the creators of a nuisance, and not by reason of any duty enjoined upon them by statute or otherwise. The distinction between such cases and those relating to the consequences following a neglect of some duty imposed by statute are manifest and radical.

It was substantially held in the case of *Village of Fulton* v. *Tucker* (3 Hun, 529), in an opinion written by that learned judge, the late Justice TALCOTT, that the lot owner was not liable to the municipality, even where the duty of repairing sidewalks had been imposed by ordinance upon him.

In *Moore* v. *Gadsden* (93 N. Y. 12), it was held that the neglect of a lot owner to remove snow and ice from a sidewalk, as required by an ordinance, did not render such owner liable to a party injured; that the requirement of the ordinance was in the nature of a police regulation and was not sufficient to give a cause of action to a party injured by an act in violation of its terms. (See, also, *Wenzlick* v. *McCotter*, 87 N. Y. 127.)

It will be observed that the duty to repair, in this case, is imposed in the same language with that to remove snow and ice, and it is not easy to suggest any distinction in the nature of the respective obligations. And it is equally difficult to suggest any difference in principle between an obligation imposed by statute, and one imposed by ordinance in pursuance of statutory authority. The general rule regulating the liabilities of municipalities and lot owners, in respect to the

repair of streets and sidewalks, is laid down by Dillon as fol lows: "The liability of a city or town for actionable defects extends, as already remarked, to sidewalks, they being deemed to constitute part of the street. When the charter of a city gives it the power to cause sidewalks to be kept in repair, and makes adequate provision for so doing, the exercise of the power, according to the prevailing judgment of the courts, follows as a duty. In such case the city is liable for action able defects in sidewalks; although the charter requires the lot owner to build the sidewalks and imposes a penalty for his failure in this regard. The abutting owner is not bound to keep the sidewalk in repair, unless by virtue of the require ment of the statute, and is not responsible to travelers for defects therein not caused by himself." (Dillon's Municipal Corporations, § 1012.) The learned author cites, in support of the propositions, a large number of authorities, among which are: *Moore* v. *Gadsden* (*supra*); *Hill* v. *City of Fond du Lac* (56 Wis. 242); *Knupfle* v. *Knickerbocker Ice Company* (84 N. Y. 488); *Weller* v. *McCormick* (47 N. J. L. 397); *Kirby* v. *Boylston Market Association* (14 Gray, 249); *Flynn* v. *Canton Company of Baltimore* (40 Md. 312); *Heeney* v. *Sprague* (11 R. I. 456); *City of Hartford* v. *Talcott* (48 Conn. 525); *Eustace* v. *Jahns* (38 Cal. 3); *Jansen* v. *City of Atchison* (16 Kan. 358); *State* v. *Gorham* (37 Me. 451). The cases cited seem to support the proposition of the non-liability of the lot owner to travelers or municipalities.

In *Kirby* v. *Boylston Market Association* (14 Gray, 252), it is said: "The defendants, as owners and occupants of the land abutting upon Boylston street, are not responsible to individuals for injuries resulting to them from defects and want of repair in the sidewalk, or by means of snow and ice accumulated by natural causes thereon, although, by ordi nance of the city, it is made the duty of abutters, under pre scribed penalties, to keep the sidewalks adjoining their estates in good repair, and seasonably to remove all snow and ice therefrom. Such ordinances are valid, and the work which is enforced under them relieves, to the extent of its cost or

value, the city from charges which otherwise it would be necessarily, in discharge of its municipal duties, subjected to. (*Goddard Petition*, 16 Pick. 504.) For the city is required to keep all duly established highways within its limits in good repair, and clear of snow and ice, so that they shall, at all seasons of the year, be safe and convenient for persons passing and traveling thereon." In *Heeney* v. *Sprague* (*supra*), it was held that "the violation of a duty imposed by a municipal ordinance, and sanctioned by a fine, will not support an action on the case for special damages in favor of one injured by the violation and against the violator;" and that "where a statute imposes a duty, unless the duty is for the benefit of particular persons or classes, or is in consideration of some emolument or privilege conferred, a person damnified by the violation of the duty cannot maintain an action on the case against the violator for special injuries caused by the violation; the only liability arising from the violation of such a duty being the penalty furnished by the statute." In *City of Hartford* v. *Talcott*, the city brought an action to recover from the lot owner the damages which it had been compelled to pay a traveler for injuries received from a sidewalk made dangerous by ice. The ordinances required the abutting owners to keep the sidewalk free from snow and ice, and imposed a penalty for a neglect to do so. It was held that the abutting owners were not liable to the city. In *Keokuk* v. *District of Keokuk* (53 Iowa, 352), it was held that "where a lot owner is required by the city to construct or repair a sidewalk, it is simply a method of exercising its power of taxation, by which he is made the agent of the city to expend the amount of the tax, and the responsibility for the peformance of the work remains where the authority to control it is found."

In the *Flynn* case the injured party brought an action against the abutting owner, whose duty it was, by the ordinance of the city, to remove snow and ice from the sidewalk in front of his premises, to recover damages for his injuries. In deciding the case, the court say : " The whole design and effect of this ordinance was to secure the proper application of what-

ever labor and means were necessary to discharge the obligation then resting upon the city to keep its streets in a condition to be safely traveled. The work enforced under it, and the expense of doing it, when performed by the employes of the city, together with the fines or penalties for neglect, which may be imposed and collected, relieves the city to that extent from charges to which it would be otherwise subjected. Stated in a different form, our view of the effect of this ordinance is this : At the time of its passage it was the duty of the city to remove snow and ice from the sidewalks of its streets, so as to render them safely passable. The city was then provided with the means and power to discharge that duty. In the exercise of that power it saw fit to provide by ordinance that the owners and occupants of premises abutting the sidewalks should either remove the snow and ice therefrom, or be charged with the cost of such removal if done by its own officers or employes, besides being subjected to a penalty for each neglect. The property owners were thereby made the agents of the city. * * * Such being the nature of the duty required, and such being the character of the ordinance in question, we are of opinion the only liability resting upon the property owner is that which the ordinance itself imposes, viz., the prescribed fine or penalty for each neglect, and the cost of removal in every instance of his refusal or neglect. By enforcing these, every object the ordinance was intended to accomplish will be attained. The liability of the parties upon whom it operates extends no further, and against them an action like this cannot be maintained. In so determining we recognize the well-settled principle that whenever a party causes, constructs or creates a nuisance or obstruction in a public street or highway, he is responsible in damages to anyone who has received special injury in consequence thereof."

In *Taylor* v. *Lake Shore & M. S. R. R. Co.* (45 Mich. 74) the head note states that " an ordinance requiring all persons to keep their sidewalks free from ice, imposes a purely public duty, and persons injured by slipping on the ice cannot bring private actions against the owners of the premises. Breaches

of public duty must be punished in some form of public prosecution, and not by way of individual recovery of damages."

We have thus referred at length to many of the cases holding the non-liability of the lot owners, for the reason that there seems to have been quite a common impression, in which judges and lawyers have shared, that abutting owners are in some way liable to an injured party for damages occasioned from their neglect to keep sidewalks in repair when that duty is in any way enjoined upon them. It seems to us that there could never have been any logical cause for such impression, and it seems it has no foundation in the reported cases. Any other conclusion than that reached by us would, we think, be most unfortunate, as it would tend to relax the vigilance of municipal corporations in the performance of their duties in respect to the repair of streets and highways, and impose that duty upon those who might be utterly unable to discharge it. It would tend directly to demoralize the public service and lead to disorder, decay and impassability of the public highways.

In view of the conclusions reached upon the main question involved, it is unnecessary to discuss the other points raised in the appeal.

The judgment of the General Term should, therefore, be reversed and that of the Special Term affirmed, with costs in all courts.

All concur.

Judgment accordingly.