Shauck, J.
It is thought by counsel for the plaintiff in error, that upon the facts which the petition alleges and the evidence offered in its support at the trial tends to prove, the judgment' should have been in her favor. This conclusion is drawn from the legal propositions that the statute, (section 2640, Revised Statutes,) charges upon the municipality the duty of keeping streets and sidewalks open and in repair, and that the duty of constructing and maintaining’ sidewalks, is not, either by the statute or the common law, charged upon the owner of abutting property.
These propositions are well sustained by the provisions of the statute and the decided cases. They would justify the conclusion drawn by counsel if the negligence charged against Mrs. Morris, like that charged against the city in the original petition, consisted of mere omissions of supposed duty. But while the tort of the city consisted in the failure to discharge a duty imposed by statute, that alleged in the amended petition against Mrs. Morris, consisted in the creation of a nuisance, dangerous to those using the walk. *335 These are concurrent and related torts, but they are not joint. In view of their independent character, the plaintiff might, at her election, maintain her action against either the city for its omission óf duty, or against Mrs. Morris for the creation of the nuisance which occasioned her injury. And it appears from reason and authority that the primary liability in such case is upon him who actively creates the nuisance; so that if a recovery were had against the bity, it might in turn recover from the perpetrator of the wrong. Chicago v. Robbins, 2 Black, 418; Same v. Same, 4 Wall., 657; Rochester v. Campbell, 123 N. Y., 405.
The liability of the owner of the abutting property for an injury resulting- from torts of this character, notwithstanding- the omission of duty by the municipality, is necessarily implied in Clark v. Fry, 8 Ohio St., 358; and Railroad Company v. Morey, 47 Ohio St., 207, although the precise question may not have been raised.

Judgment affirmed.