(164 App. Div. 225)

GOTTLIEB v. CITY OF NEW YORK et al.    (No. 6238.)

(Supreme Court, Appellate Division, First Department.  November 6, 1914.)

1. MUNICIPAL CORPORATIONS (§ 808*)—PLACES ABUTTING HIGHWAY—NEGLI-
GENCE—PERSONAL INJURIES—EVIDENCE.
     Where plaintiff, in an action for damages from the collapse of a side-
walk, did not show that defendants, owners of the abutting property, had
made the vault into which he fell, or had ever used it in connection with
their building, or had any knowledge of its existence, or had violated
any municipal ordinance, he could not recover.
     [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
1684–1687, 1690–1694; Dec. Dig. § 808.*]

2. MUNICIPAL CORPORATIONS (§ 808*)—SIDEWALKS—LIABILITY FOR DEFECTS.
     The primary liability for damage occasioned by neglect to keep side-
walks in repair rests upon the municipality and not upon the abutting
property owners.
     [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
1684–1687, 1690–1694; Dec. Dig. § 808.*]

Appeal from Special Term, New York County.

Action by Benjamin Gottlieb against the City of New York and oth-
ers.  From a judgment entered on a verdict, and from an order deny-
ing a motion for a new trial, defendants Grossman appeal.  Judgment
and order reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT,
DOWLING, and HOTCHKISS, JJ.

Thornton Earle, of New York City, for appellants.
Herman Gottlieb, of New York City, for respondent.

DOWLING, J.  The plaintiff on October 21, 1912, was walking up-
on the sidewalk in front of No. 191 Canal street in the city of New
York, when it suddenly collapsed, carrying him and other pedestrians
with it to the bottom of an open space, where he was pinned down by
the flagstones which had fallen with and upon him.  He has recovered
damages upon the theory of the defendants' negligence; it being his
contention that the space into which he fell was a vault, and that the
defendants were responsible for its presence and condition.  The city
of New York was also a party defendant, but the jury found in its
favor, and from that finding the plaintiff has not appealed.

The complaint alleges negligence upon the part of the defendants
now appealing in unlawfully and negligently permitting the said side-
walk in front of the premises owned by them to be in an unsafe con-
dition and insufficiently supported, as the result of which the plaintiff,
who was then and there lawfully passing along said sidewalk of the
street in front of these premises, was precipitated into a vault or cavern
underneath said sidewalk, caused by the caving in of said sidewalk;
that the plaintiff's injuries were sustained by reason of, and wholly
through, the carelessness and negligence of the defendants, their agents
and servants, in the construction and maintenance of said sidewalk in
front of said premises, and by reason of the failure on the part of de-
fendants to have the said sidewalk sufficiently supported, and by rea-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

son of the defendants allowing a deep vault to be and remain under said sidewalk, and by reason of the failure on the part of defendants to comply with the city ordinances in such cases made and provided.

[1] In its charge the trial court said:

"As to the defendants, the property owners: In order to hold them chargeable with negligence, you must be satisfied that they either created a condition under the sidewalk which was of such character that a reasonable and prudent person would not have done as they did, or would not have permitted it to remain, and that such condition so created by them, or suffered by them to exist, under the sidewalk, was the cause of the accident from which the plaintiff claims to have received his injury."

In accordance with this charge of the court as to the basis for the liability of appellants, the only proof which had been introduced was that the space into which the plaintiff fell, as described by several of the witnesses, looked like a small room with paved walls and cemented corners, about 12 feet square, and that in one wall there was a small doorway in the side of the building. There was also testimony to the effect that the beam which appears to have supported the flagstones, and resting upon which two flagstones still remained after the accident, was old, bent, and green, as though covered with moss. There was some proof introduced as to a fire which had taken place in the premises some months prior to the occurrence in question, and as to the condition of the sidewalk thereafter, which, however, was not shown to have had any bearing upon its final collapse. The requirements for fixing the appellants' liability, as stated by the court, were not satisfactorily met. There was no proof that the appellants had made this opening under the sidewalk, that they had constructed the walls surrounding it, that they had built the doorway said to have existed in one of these walls, that they had used this space for any purpose whatever, or, in fact, that they had any knowledge of its existence. The excavation or room was not upon their property, but under the public highway, and there is not a word of testimony that they ever caused or contributed to its construction, or that they adopted it and used it in connection with their building, or that they knew of its existence.

[2] If the plaintiff's proof had justified a finding that the highway itself was defective, the owners of the abutting property would not have been liable, under the authority of City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760, which held that the primary responsibility for damage occasioned by neglect to keep sidewalks in repair rested upon the municipality, and not upon the property owners. Plaintiff has shown no violation of any municipal ordinance by the owners. Until he established such a violation, or showed that appellants either constructed or adopted, used, and maintained the space under the sidewalk, he cannot recover.

The finding of the owners' negligence was, therefore, without evidence to support it, and the judgment and order appealed from will be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.