KRASUTZKY v. CLARA DE HIRSCH HOME FOR WORKING GIRLS.

(Supreme Court, Appellate Term, First Department. January 7, 1915.)

1. PLEADING (§ 129*)—DENIAL—EFFECT OF.
　　Defendant, by failing to deny paragraphs of the complaint, admits the allegations contained therein.
　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. § 129.*]

2. MUNICIPAL CORPORATIONS (§ 757*)—SIDEWALKS—DUTY TO REPAIR.
　　Where defendant controlled and had charge of the sidewalk adjoining its premises, it was bound to keep the walk in repair.
　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1591–1594; Dec. Dig. § 757.*]

3. EVIDENCE (§ 10*)—JUDICIAL NOTICE.
　　The court will take judicial notice that numbers on East Sixty-Third street in New York City run from west to east, and that property west of 223 would be 221, instead of 225.
　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 9–14; Dec. Dig. § 10.*]

4. PLEADING (§ 129*)—ADMISSIONS—CONSTRUCTION.
　　Where defendant, the Clara De Hirsch Home for Working Girls, by failing to deny allegations that it was the owner of the premises known as 225 East Sixty-Third street and that it had control and charge of the sidewalk adjoining the premises, admitted its liability to keep the walk in front of the premises in repair, the admission is not broad enough to permit recovery, upon proof that the hole into which plaintiff fell was in front of a house bearing a sign "Clara De Hirsch Home."
　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. § 129.*]

5. MUNICIPAL CORPORATIONS (§ 819*)—STREETS—INJURIES TO PERSONS UPON—EVIDENCE.
　　Evidence in an action by plaintiff, who fell into a hole in a sidewalk, held not to show that defendant made or maintained the hole, or that the hole was appurtenant to its property.
　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Karney Krasutzky against the Clara De Hirsch Home for Working Girls. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Amos H. Stephens, of New York City (Samuel L. Sargent, of New York City, of counsel), for appellant.

Samuel Lewittes, of New York City, for respondent.

PAGE, J. [1, 2] This is an action to recover damages for injuries sustained by the plaintiff by falling into a hole about one foot long and five inches deep in the sidewalk in front of premises owned by the defendant in the city of New York. The complaint states:

"Second. That, upon information and belief, the defendant was the owner of premises known as 225 East Sixty-Third street, Manhattan borough, New York City.

"Third. Upon information and belief, the defendant at all times herein mentioned had control and charge of the sidewalk adjoining the above-mentioned premises."

These paragraphs of the complaint are admitted by reason of the defendant's failure (probably through inadvertence) to deny them in its answer, and the facts thus admitted are sufficient to give rise to a duty on the part of the defendant to keep the said sidewalk in repair and to charge it with liability for the injury, provided it be proven that the hole into which the plaintiff fell was in front of No. 225 East Sixty-Third street.

[3-5] Upon the trial the plaintiff and the men who accompanied him at the time of the accident testified that it was in front of No. 225 or 229; but upon cross-examination they admitted that they did not know what number it was in front of, except what somebody had told them, and on motion their testimony on that matter was stricken from the record. The only evidence as to where the hole was is contained in the testimony of the plaintiff's attorney, who stated that the plaintiff took him to the place of the accident about a week after it occurred, and showed him the hole in which he fell, and that the building in front of the hole has no house number and occupies about 3 ordinary city lots, "and the house adjoining this building, east of it, is 225." In his next breath he stated:

"East of the hole is 223; the building adjoining this house is 223, and the name of the building adjoining the hole where this plaintiff fell reads, 'Clara De Hirsch Home for Working Girls.'"

Upon cross-examination the plaintiff's attorney said that the house east of the hole was 223. This court will take judicial notice of the fact that the numbers of East Sixty-Third street in New York City run from west to east, and that the property west of No. 223 would be No. 221. There is no evidence that the hole in which the plaintiff was injured was in front of No. 225 East Sixty-Third street. As the implied admission in the pleading only relates to the sidewalk adjoining that number, it is not broad enough to permit a recovery upon mere

proof that the hole was in front of the Clara De Hirsch Home. There was no evidence given at the trial tending to show that the defendant made or maintained the hole in the sidewalk, or that the hole was appurtenant to its property, and no evidence connecting the defendant with the injury. The defendant's motion at the close of the entire case to dismiss the action on that ground should have been granted. City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760; English v. Kwint, 140 App. Div. 509, 125 N. Y. Supp. 807.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.