CORA WILLIS, Appellant, *v.* F. EDWIN PARKER, Respondent.

**Municipal corporations — Auburn (city of) — negligence — sidewalks — liability of property owner for failure to keep sidewalk in repair as required by charter of city — party injured by defective sidewalk may bring suit directly against negligent owner.**

The charter of the city of Auburn imposes a statutory obligation upon the owner of property abutting a public street in that city " to make, maintain and repair the sidewalk adjoining his lands." The statute also prescribes the liability of the owner for a failure to perform the legal obligation so enjoined by enacting that such owner shall be liable for any injury or damage, by reason of omission, failure or negligence to make, maintain or repair such sidewalk or for a

violation or non-observance of the ordinances relating to making, maintaining and repairing sidewalks. (L. 1879, ch. 53, § 113; L. 1897, ch. 172.) The complaint alleged that plaintiff sustained severe personal injuries due to the negligence of defendant in failing to maintain and keep in repair a plank sidewalk on which plaintiff was lawfully traveling. By reason of the failure of the defendant to perform the statutory duty imposed upon him the rights of the plaintiff were violated and loss and harm inflicted upon her, and she was not required to first institute an action against the city. She was, if so advised, privileged to do so, or, as she elected, to bring suit directly against the defendant owner.

*Willis* v. *Parker*, 173 App. Div. 552, reversed.

(Argued December 21, 1918; decided January 7, 1919.)

APPEAL from a judgment, entered July 5, 1916, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, which affirmed an interlocutory judgment of Special Term sustaining a demurrer to and directing dismissal of the complaint. The appeal brings up for review the interlocutory judgment.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank C. Cushing* for appellant. The holding of the court below that the provision of section 99 of chapter 185 of the Laws of 1906, the charter of Auburn, creates no right of action in favor of a person sustaining personal injury directly against the owner of such walk or the premises to which it pertains, cannot be sustained. (*Cushen* v. *City of Auburn*, 22 Wkly. Dig. 387; *McMullen* v. *City of Middletown*, 187 N. Y. 37; *D., L. & W. R. R. Co.* v. *Madden*, 241 Fed. Rep. 808; 187 N. Y. 37.) It is not sought to charge this defendant with liability under that provision of the statute which required him to keep his walk safe alone, but under the further provision, which in express terms made him " liable for any injury or damage " resulting from his disobedience to the com-

mand of the first provision. (*Riggs* v. *Palmer*, 115 N. Y. 506; *Mead* v. *Stratton*, 87 N. Y. 493; *Schlegel* v. *Am. Beer, etc., Co.*, 64 How. Pr. 196; *Chase* v. *N. Y. C. R. R. Co.*, 26 N. Y. 523.) Upon the ground of demurrer, that there is a defect of parties defendant, in that the city of Auburn is not a party defendant, if it were necessary to point out anything further in opposition, it is found in the authorities holding that in cases of injuries arising from torts, the injured person may sue all, or any one of several who are responsible for the injuries. (*Creed* v. *Hartmann*, 29 N. Y. 591; *Rappaport* v. *Werner*, 34 App. Div. 525; *Slater* v. *Mersereau*, 64 N. Y. 138; Shearman & Redfield on Neg. [4th ed.] § 122.)

*Amasa J. Parker* and *F. A. Parker* for respondent. The clause in the charter making a property owner liable for injuries was intended to make him liable to the city in the event that he did not obey its direction but as to the public generally the city alone is liable. (*Kosters* v. *Nat. Bank*, 62 Misc. Rep. 419; *Segal* v. *Ehrman*, 155 N. Y. Supp. 286; *Rochester* v. *Campbell*, 123 N. Y. 405; *Village of Fulton* v. *Tucker*, 3 Hun, 529; *Russell* v. *Vil. of Canastota*, 98 N. Y. 502; *McMahon* v. *Sec. Ave. R. R, Co.*, 75 N. Y. 231.) The immunity of the lot owner from liability for damages for defects in streets is founded in reason and justice, and is supported not only by authority but by the uniform current of authority, not only in this, but in our sister states. (*Brown* v. *Wysong*, 1 App. Div. 423; *Law* v. *Kingsley*, 82 Hun, 76; *Moore* v. *Gadsden*, 93 N. Y. 12; *Wenzlick* v. *McCotter*, 87 N. Y. 126; *Kirby* v. *Boylston Market Assn.*, 14 Gray, 249; *Taylor* v. *L. S. & M. S. R. R. Co.*, 45 Mich. 74; *Segah* v. *Ehrman*, 91 Misc. Rep. 481.)

HOGAN, J. The plaintiff in her complaint alleged that the defendant was the owner and occupant of premises

11

commonly known as No. 120 Wall street, in the city of Auburn; that on the evening of September 10, 1912, while she was passing along Wall street in front of the premises of the defendant she sustained severe personal injuries due to the negligence of defendant in failing to maintain and keep in repair a plank sidewalk on which plaintiff was lawfully traveling. Additional facts are stated in the complaint sufficient to constitute a cause of action, assuming that the defendant was liable to respond in damages to the plaintiff.

The defendant served a demurrer to the complaint and stated as the grounds thereof, 1, that it appears on the face of the complaint that said complaint does not state facts sufficient to constitute a cause of action; 2, defect in parties defendants in that the city of Auburn is a necessary party defendant.

The demurrer was sustained and from a final judgment entered in favor of defendant plaintiff appeals to this court.

As the determination of the question presented upon this appeal is dependent upon a construction of section 99 of the charter of the city of Auburn, a review of the provisions of the charter relating to the authority of the common council to enact and enforce ordinances relating to streets and sidewalks is unnecessary.

Section 99 of the charter so far as material reads: " The owner or occupant of lands fronting or abutting on any street, highway, traveled road, public lane, alley or square, shall make, maintain and repair the sidewalk adjoining his lands and shall keep such sidewalk and the gutter free and clear of and from snow, ice and all other obstructions. Such owner or occupant and each of them, shall be liable for any injury or damage by reason of omission, failure or negligence to make, maintain or repair such sidewalk, or to remove snow, ice or other obstructions therefrom, or for a violation or

non-observance of the ordinances relating to making, maintaining and repairing sidewalks and the removal of snow, ice and other obstructions from sidewalks, curbstones and gutters   *   *   *." (L. 1879, ch. 53, sec. 113, amd. L. 1897, ch. 172.)

Counsel for respondent in his brief asserts that the foregoing provision of the charter was first enacted by section 133, chapter 536, Laws of 1895, and as bearing upon the intention of the legislature in the enactment of the statute calls attention to the decision of this court in *City of Rochester* v. *Campbell* (123 N. Y. 405), which involved the liability of a property owner to the city of Rochester for a judgment recovered against that city by reason of an injury sustained by an individual due to the negligence of the abutting owner and argues that by reason of the decision in the *Campbell* case the city of Auburn procured the amendment of 1895 to the charter " making the abutting owner liable to it."

Evidently counsel for the respondent has been misinformed in reference to the legislative history of the quoted provision of the charter. The case of· *City of Rochester* v. *Campbell* was decided by this court, December 2, 1890. The section quoted was originally section 113 of the charter (Laws of 1879, chap. 53) and was the subject of construction by the courts in *Cashen* v. *City of Auburn* decided in October, 1885. (Memorandum decision 22 Wkly. Dig. 387; appeal to this court dismissed, 109 N. Y. 658.)

In the *Cashen* case the action was brought against the city and lot owner to recover damages for a personal injury arising from snow and ice on a sidewalk. The plaintiff had a verdict at the Trial Term; exceptions were ordered heard in the first instance at the General Term; the city in that case contended that under section 113 of the charter, the present section 99, the duty of repairing sidewalks and keeping them clear of snow and ice was

upon the owner or occupant of abutting lands and not upon the defendant the city, and a right of action is given against such owner or occupant for injuries sustained consequent upon a breach of that duty and not against the defendant the city. Upon a review of the case at the General Term an opinion was written by then Justice Haight, afterward a member of this court for many years. The opinion has never been reported, the memorandum of the case in the Weekly Digest being, as indicated, a mere memorandum. In the course of the opinion written by Justice Haight, referring to section 113 and a contention of the city thereunder, the opinion stated: " Very true the party suffering an injury may doubless pursue either the city or the individual owning or occupying lands abutting upon the street. It is quite possible also that the individual owning or occupying the lands abutting upon the street may be liable to the city for any damage that it may be compelled to pay on account of defective sidewalks, but this does not relieve the city from liability in the first instance." The decision of the General Term was that a new trial was denied and judgment ordered for the plaintiff upon the verdict. It is apparent that the counsel for the city of Auburn in that case construed the charter provision as creating a liability on the part of the owner of the premises directly to the injured party in the first instance as claimed by appellant here, and in view of the stated facts any implied suggestion that the statute was amended in 1895 for the purpose of establishing a liability of a property owner over to the city due to the decision in the *Campbell* case fails.

That the legislature by the charter provision quoted intended to impose a statutory obligation upon the owner of property abutting a public street in the city of Auburn " to make, maintain and repair the sidewalk adjoining his lands " is apparent from the language of the

statute. The duty imposed, the statute proceeds to prescribe the liability of the owner for a failure to perform the legal obligation enjoined in the following words: " Such owner  *  *  *  shall be liable for any injury or damage, by reason of omission, failure or negligence to make, maintain or repair such sidewalk  *  *  *  or for a violation or non-observance of the ordinances relating to making, maintaining and repairing sidewalks  *  *  *."

The subject under consideration by the legislature in the enactment of the statute in question was the duty of the owner of property abutting the public street in the city of Auburn and the liability of such owner for a failure or omission to perform the duty, or negligence in a performance of the same. The statute is silent as to any duty or liability of the city thereunder. The liability imposed upon the owner was for *any* injury, that is for any violation of the rights of another resulting in loss or harm by the failure, omission or negligence of the owner to make, maintain or repair the sidewalk adjoining his property as required by the statute. In the case at bar by reason of the failure of the defendant to perform the statutory duty imposed upon him the rights of the plaintiff were violated and loss and harm inflicted upon her. She was the first person to suffer an injury. The fact that plaintiff sustained an injury did not necessarily result in an injury to the city. Had she commenced action against the city she might have been defeated by reason of failure to give to the city actual notice of the defect in the sidewalk forty-eight hours prior to the accident and the city thereby freed from liability. On the other hand had she succeeded in such action the city would immediately sustain not only an injury by reason of the action of the property owner but likewise damages which it in turn, the property owner having been vouched in the original action, could recover

under the statute against the property owner. Plaintiff was not required to first institute an action against the city. She was, if so advised, privileged to do so, or as she elected, to bring suit directly against the defendant owner.

The conclusion we have reached in this case is not in conflict with the decision made in the *Campbell* case. The charter of the city of Rochester considered in the *Campbell* case imposed a duty upon the owner of a lot or piece of land in the city to keep the sidewalks in good repair and to remove and clear away snow and ice therefrom. While the duty was imposed as stated, the Rochester charter did not contain a provision like unto that contained in the charter of the city of Auburn, creating a liability upon the property owner for any injury or damage by reason of a failure to make such repairs and to maintain the sidewalk as therein provided.

The city of Auburn under its charter is exempt from liability for damages or injuries sustained by any person in consequence of any sidewalk being defective or out of repair, etc., unless actual notice of the defective condition of such sidewalk shall have been given to the commissioner of public works or a sidewalk inspector at least forty-eight hours previous to such damages or injury. The general purpose of such provision is to relieve the municipal corporation from liability by reason of constructive notice. The municipal corporation is of necessity entitled to reasonable protection but the citizen is likewise entitled to consideration. The plaintiff in this action had a right to assume that the street and sidewalk over which she was passing was in a safe condition for travel thereon. For the injury she sustained she is remediless under the decision below as against the defendant and by reason of lack of information sufficient to enable her to serve actual notice upon the city officers may be deprived of a remedy for the injury

she sustained. In view of the existing provisions of the charter we cannot ascribe such intention to the legislature.

The judgments below should be reversed and judgment ordered overruling defendant's demurrer, with costs in all courts to appellant, with leave to defendant upon payment of such costs within twenty days to answer.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, McLAUGHLIN and CRANE, JJ., concur.

Judgments reversed, etc.