Marshall, C. J.
The plaintiff was denied relief in both lower courts, upon two grounds: first, that the city was not shown to have had notice either actual or constructive of the condition which was the proximate cause of the injuries; and, second, that plaintiff by his settlement with Bardons & Oliver and his covenant not to further pursue his claim against that firm had released the city of Cleveland.
Upon the first of these grounds it has already been observed that the petition is based upon the statutory liability of the city for failing to observe the injunction of Section 3714, General Code, to keep the streets open, in repair and free from nuisance. The petition does not allege negligence in relation to the installation or maintenance of pipes running under the sidewalk, hut merely alleges that there was *99 an open excavation in the sidewalk, which was allowed by the city to exist, with knowledge thereof, or that its existence had continued for such length of time as to impute notice and knowledge, and that such excavation was filled with a boiling or scalding substance which the city had negligently permitted to accumulate.
These allegations undoubtedly constitute a cause of action, and if proven would be a proper basis of recovery; but there is not only no proof of an open excavation, but the testimony of plaintiff’s witnesses very clearly establishes the fact that there were no surface indications of a nuisance at that point and that when plaintiff stepped off the sidewalk, the surface, which appeared to be safe and free from even the appearance of danger, suddenly gave way, thereby permitting his leg to sink into the boiling substance and causing the injury and damage. Inasmuch as there was no open defect, in the nature of things the city’s agents could not have notice or knowledge of such non-existent situation.
As a rule of procedure plaintiff could only recover upon proof of the matters alleged in the petition. No advantage seems to have been taken of that rule, however, but, on the contrary, plaintiff was permitted to introduce testimony of the former excavation and of the fact that one of the city’s agents had notice of escaping steam at that time; and it is claimed that the city is chargeable with actual knowledge of the future existence of conditions which escaping steam near that place might tend to produce.
This is extending the doctrine of imputed notice to unprecedented lengths. It is not doubted that if a municipality has actively caused defective or unsafe *100 conditions in a street, notice or knowledge is not a prerequisite condition to liability. So also notice may be inferred from the fact that the defective or unsafe condition has existed for so long a time as by fair implication to charge the municipal corporation with notice. And again notice and knowledge are imputed where the city is engaged in making excavations in a street which are inherently dangerous. None of these conditions applies to the present situation. There was no open excavation as alleged, and therefore no notice or knowledge thereof; but it is contended that by reason of the former excavation and the agent of the city having noticed escaping steam the corporate reasoning powers were thereby set in motion, and that the city should not only have reasoned that the steam caused the first excavation but should also have foreseen and foreknown that another excavation would be caused in that vicinity.
It must, however, be clearly borne in mind that the defects in the pipes were not due to any negligence of the city or its agents, and that the defective pipes were the property of Bardons & .Oliver. Indeed it is admitted and even urged by counsel for plaintiff that even Bardons & Oliver have not been shown by this record to have been negligent. It has already been seen that the city would be chargeable with knowledge of a nuisance which was actively caused by agents and officers of the city, but in this case the excavation was not caused by the city, neither has it been shown affirmatively that the excavation was the result of negligence on the part of any other person. Because one of the agents of the city knew certain facts from which he might have inferred *101 that owners of property abutting upon a sidewalk had been doing certain acts, this court is asked to declare the city responsible for all damages which might flow from any nuisance which might be caused in the adjoining streets by such acts of the abutting owners.
Notice, either actual or imputed, is just as necessary to be proven as the existence of the nuisance itself. This must necessarily mean notice or knowledge of the actual present existence of a condition, and not notice or knowledge of some probable or possible acts of some third person, from which it may be inferred that if those acts are in future committed a nuisance may be caused.
The plaintiff could only recover in this controversy on the ground of some neglect of statutory duty on the part of the city. And such neglect or omission must have proximately caused the injury. The city did not actively cause or maintain a,dangerous condition, or with either actual or imputed knowledge thereof permit its continued maintenance. The cause of the injury, whether proximate or remote, was the escaping steam, because it does not appear that there was any shock or fall, resulting in physical damage, but, to the contrary, that the damage was caused entirely by plaintiff’s leg being severely scalded. We are of the opinion therefore that in any event plaintiff’s injuries and damages cannot be said to be proximately caused by an excavation, and by no possible course of reasoning can it be said that the city caused the existence of the boiling substance or that it had knowledge of its existence at that place.
*102 The liability of the city is not grounded upon negligence, but, on the contrary, is grounded upon the failure to perform a statutory duty, and depends upon the actual existence of a nuisance, and notice or knowledge thereof, or upon its actively causing the same, or upon its existence for such length of time as to impute knowledge. In the face of this record, this court, reviewing only questions of law, cannot say that the trial court erred in directing a verdict, or that the court of appeals erred in affirming the judgment of the trial court upon this ground.
Let us therefore look to the second of the questions presented by this record, to-wit, whether plaintiff by his settlement with Bardons & Oliver, and by his covenant not to further proceed against Bardons & Oliver on account of such injuries, thereby released the city of Cleveland. This question may be determined by the application of principles which have been definitely settled by Ohio precedents. Throughout the discussion of this branch of the subject it will be assumed for the purposes of the argument that the city had failed to discharge its statutory duty under Section 3714, General Code.
In the arguments of counsel there has been some discussion of the case of Adams Express Co. v. Beckwith, 100 Ohio St., 348, but there are certain distinguishing elements which make that authority inapplicable to the present controversy. In that case there was a joint tort, a joint liability, and a right to sue several tort-feasors jointly. In making a settlement with one of the joint tort-feasors there was an express reservation of the right to sue other parties jointly responsible. In the instant case the covenant not to sue contains no reservation of a *103 right of action against the city of Cleveland. In the Beckwith case the syllabus, which contains the law of the case, very clearly features the fact of a special reservation having been made.
Our first inquiry should be directed to whether the city and Bardons & Oliver were joint tort-feasors, and whether they could in any event have been sued jointly. It is noteworthy that the suit was in fact first brought by plaintiff against Bardons & Oliver, in which the city was not joined as defendant, and this fact should have some significance as an indication of what was in the mind of counsel, though of course it is not conclusive on the question.
An artificial classification of torts has been made in the authorities, and a distinction has been made between those which are designated as concurrent and related, on the one hand, and those which are joint, on the other hand. This distinction is clearly stated by Shauck, J., in the case of Morris v. Woodburn, 57 Ohio St., 330, at page 335. The same distinction is again recognized and emphasized in Village of Mineral City v. Gilbow, 81 Ohio St., 263. In both of these cases the court has pointed out the essential difference between the liability of a city upon its statutory duty of keeping the streets and sidewalks open, in repair and free from nuisance and the liability of others in actively or negligently causing a nuisance or dangerous condition upon city streets. The abutting property owner, or, for that matter, any person not an abutting owner, who, by any act or omission, causes a' dangerous condition in a city street is liable only upon the principles of common-law negligence. The city is liable for damages only upon the statutory ground of knowingly causing *104 or maintaining a nuisance, and such statutory duty gives rise to liability without the necessity for proof of some of the essential elements of common-law negligence. The liability of the city is only characterized as negligence in a legal sense, because negligence in its broadest significance includes any omission of a duty imposed by law.
Though the plaintiff in this controversy might have a cause of action against both the city and Bar-dons & Oliver, the grounds of action would be essentially different and separate, and based upon different allegations of fact and different principles of law. The authorities already referred to establish the proposition that there can be no joint action unless there is joint liability and joint liability can only exist where there is concert of action in pursuit of a common intent. Where separate tortious acts have been separately done, and only a single injury inflicted, the parties must be sued separately. If Bardons & Oliver have committed any tort, it consists in a want of ordinary care in the installation or maintenance of its pipes, or in some possible active and overt act resulting in escaping steam at the place where plaintiff received his injuries. The. city’s tort, if any, is in failing to discharge a duty imposed by Section 3714, General Code. The abutting property owner, in his relation to the streets and sidewalks, only owes the duty not to create a dangerous situation. The city owes the duty not to knowingly permit one to exist, whether it be caused by its own agents and servants or by other persons.
We are not advised of the allegations of the petition filed by plaintiff against Bardons & Oliver, nor of the particular grounds upon which a recovery was *105 sought, nor of the theory upon which plaintiff was proceeding in first pursuing that firm, but it is absolutely certain that it was a negligence suit, and it will be presumed that the petition stated a good cause of action, and by reason of that suit having been “dismissed and settled at defendant’s costs” it will further be presumed, in the absence of a contrary showing in this record, that the basis of the action was common-law negligence and that the allegations of the petition were true and that plaintiff was entitled to recover from that firm on that ground. Any other rule would be fraught with grave possibility of danger of injustice to a city. If the real wrongdoer may settle for a nominal sum and leave the injured party free to pursue the city and throw the entire burden upon the city to make a defense of facts of which it had no knowledge or means of knowledge, but which lie within the sole knowledge of the real wrongdoer, the city would become an insurer, and its liability would in practice extend far beyond any reasonable construction of the statute. It is to guard against just such a situation that our courts have indicated that a municipality may recover over from any party who has caused the situation resulting in a successful suit against the city. Such right of recovery has been recognized in City of Zanesville v. Fannan, 53 Ohio St., 605, and in Morris v. Woodburn, supra, which latter case cites City of Chicago v. Robbins, 2 Black, 418, City of Chicago v. Robbins, 4 Wall., 657, and City of Rochester v. Campbell, 123 N. Y., 405.
If in the instant case there had been in fact an open excavation, of which the city had notice, there would be a strict similarity to the facts of Morris v. *106 Wood,bum. And if we follow and apply the principle therein declared, as well as in the case of Zanesville v. Fannan, the city of Cleveland in the event of a recovery against it wonld have had a right to proceed against Bardons & Oliver for indemnity. In snch event the covenant not to sne would become a farce and the settlement wonld only aid in a recovery against the city, the burden of which would eventually have to be met by Bardons & Oliver, notwithstanding the covenant designed for their protection and for which they had paid a substantial sum of money. Plaintiff could thereby accomplish indirectly and unjustly that which he could not in justice and good morals and in accordance with sound public policy accomplish directly. By reason of the liability of Bardons & Oliver being only concurrent and related, and not joint, and by reason of that firm being liable to indemnify the city for any judgment which might be obtained against the city, the covenant not to sue could only be of any value to Bardons & Oliver upon the theory that it was also a complete release of any claim against the city itself.
We therefore hold that both lower courts correctly determined both questions and that the judgment of the court of appeals should be affirmed.

Judgment affirmed.

Hough, Robinson, Jones and Matthias, JJ., concur.
Wanamaker, J., dissents.
Clark, J., took no part in the consideration or decision of the case.