JOHN R. KILPATRICK, JR., et al., Plaintiffs, *v.* ROBERT J. ROSE et al., Individually and as Copartners Doing Business under the Name of BOB ROSE IMPROVEMENT Co., et al., Defendants.

Supreme Court, Special Term, Queens County, February 10, 1950.

*Albert Lavenburg* for plaintiffs.

*Irving L. Spanier* for defendants.

CONROY, J. The plaintiffs move on thirty-one causes of action set forth in the complaint for summary judgment, pursuant to rule 113 of the Rules of Civil Practice.

The complaint in each cause of action is for money had and received, the gravamen of the complaint being that under a contract the defendants were to procure mortgages and to be paid for their services in procuring the mortgages the various amounts specified in these causes of action; that the defendants were not licensed real estate brokers and that, therefore, it was illegal for them to receive a commission for their services in procuring the mortgages. As to these causes of action, it is conceded that the several defendants were not licensed real estate brokers.

Subdivision 3 of section 442-e, of the Real Property Law provides as follows:

"*Penalty recoverable by person aggrieved.* In case the offender shall have received any sum of money as commission, compensation or profit by or in consequence of his violation of any provision of this article, he shall also be liable to a penalty of not less than the amount of the sum of money received by him as such commission, compensation or profit and not more than four times the sum so received by him, as may be determined by the court, which penalty may be sued for and recovered by any person aggrieved and for his use and benefit, in any court of competent jurisdiction." I find that the remedy provided in this section and subdivision is exclusive and that the plaintiffs in these various causes of action cannot, in addition to the provisions of this section, sue for the money alleged to have been paid as commission for the procuring of the various mortgage loans. "Where a new right is created, or a new duty imposed by statute, if a remedy be given by the same statute for its violation or non-performance, the remedy given is exclusive * * *." (*City of Rochester* v. *Campbell,* 123 N. Y. 405, 414.)

The motion is, therefore, denied. Submit order.

A cross motion was made by the defendants as to these various causes of action under rule 112 of the Rules of Civil Practice. The motion made by them is in all respects granted. Submit order.