THE CITY OF ROCHESTER, APPELLANT, *v.* JOHN H. CAMPBELL AND OTHERS, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF JAMES CAMPBELL, DECEASED, RESPONDENTS.

*Municipal corporation — injury to one using the public street, from defects therein — damages paid by the city are recoverable from the abutting owners — contract obligation imposed by statute.*

In an action, brought by a municipal corporation against the owner of premises fronting upon one of the public streets, it was alleged in the complaint that such corporation was charged with the duties of maintaining and keeping the public streets in a safe condition, and that it was the duty of said landowner, under the acts relating to the city, to keep the sidewalk in front of his premises in good repair, and to remove and clear away all snow and ice therefrom; that such owner omitted so to do, and that one Ferguson, while walking along said street, stepped into a hole on the sidewalk, in front of the owner's premises, and was greatly injured; that he thereupon sued the municipal corporation and recovered damages, of which action the landowner had actual notice, and in which he appeared and assisted in its defense.

Upon the trial of an issue raised by a demurrer interposed to this complaint:

*Held,* that the grant by the government to the municipal corporation of a portion of its sovereign power was a sufficient consideration for the implied contract existing on its part to perform the duties which its charter imposed upon it.

That such corporation had a remedy over against a party who caused the public streets therein to become insecure by placing obstructions therein, or by omitting any duty imposed by law which required him to keep the sidewalks in repair.

That this remedy over did not rest in tort, and survived the death of the party in default.

*Hegerich* v. *Keddie* (99 N. Y. 258) distinguished.

The obligation imposed upon a landowner by a statute to keep the sidewalk in front of his premises in repair is in the nature of a tax upon the property of the owner for the purpose of keeping the public street in proper condition, and imposes a contract obligation, as between the landowner and the public, so that an action for a breach of the performance of such duty on his part survives his death.

APPEAL by the plaintiff from a judgment, entered in the office of the clerk of the county of Monroe on the 28th day of March, 1889, sustaining a demurrer interposed by the defendants to the complaint of the plaintiff.

The plaintiff is an incorporated city charged with the duties, by its charter, of maintaining and keeping in a safe and secure condition the public streets within its territorial limits. The complaint alleges that the decedent in his lifetime was the owner of and in the possession of certain premises situated on the northerly side of Strong street, in the front of which and adjoining such lands there was laid a sidewalk for the use of the public; that it became and was the duty of the said James Campbell, under and by virtue of the acts relating to the city of Rochester and forming its charter, to keep said sidewalk in good repair, and also to remove and clear away all snow and ice and other obstructions from such sidewalks; that the said James Campbell omitted to perform the duties so imposed upon him by the said statute to keep and maintain the said sidewalk in front of his premises in good repair and free from obstruction; whereby, and on the 5th day of November, 1886, one "Margaret A. Ferguson, while walking carefully along said street and sidewalk, and without fault or negligence on her part, stepped into a hole in said sidewalk and was thereby thrown down with great violence, and thereby she was greatly and permanently hurt and injured, * * * and became and was for a long time thereafter sick, lame and disabled, and thereby suffered damages to a large sum and amount of upward of one thousand and one hundred dollars." The plaintiff then alleged the death of said James Campbell, and that Margaret Ferguson commenced an action against the city to recover the damages which she sustained, and that a verdict was rendered against the city for $1,100 and judgment entered thereon, with costs, which had been paid by the city; that the said defendants had actual notice of the commencement of said action, and that they appeared and assisted in the defense thereof. The defendants

interposed a demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

*Henry J. Sullivan*, for the appellant.

*Eugene Van Voorhis*, for the respondents.

Barker, P. J.:

Upon the facts stated in the complaint, the plaintiff was liable to Ferguson for the damages he sustained in consequence of the sidewalk being out of repair. Such liability is founded upon the well-established principle that a municipal corporation, having the exclusive care and control of the streets, is obliged to see that they are kept safe for the passage of persons and property, and to abate all nuisances which might prove dangerous; and if this is neglected, and any one is injured, it is liable for the damages sustained. The principle upon which such corporations are thus made liable is, that whenever an individual or a corporation, for a consideration received from the sovereign power, has become bound by agreement, either express or implied, to do certain things, such corporation or individual is liable, in case of neglect to perform the agreement, not only to a public prosecution by indictment, but to a private action at the suit of every person injured by such neglect. The grant by the government to the municipality of a portion of its sovereign power, is to be deemed a sufficient consideration for the implied contract, on the part of the corporation, to perform the duties which the charter imposes, and the contract with the sovereign power enures to the benefit of every individual interested in its performance. (*Conrad* v. *Trustees of the Village of Ithaca*, 16 N. Y., 158.)

This is a leading case among the decisions of this State, in establishing the liability of municipal corporations to individuals who have suffered damages in consequence of the public streets being out of repair, and has been recognized as authority in all the subsequent decisions on the same subject. (*Requa* v. *City of Rochester*, 45 N. Y., 129; *Storrs* v. *City of Utica*, 17 id., 104; *Robinson* v. *Chamberlain*, 34 id., 389.)

The corporation has, however, a remedy over against the party who caused the street to become in an unsafe condition by placing

obstructions therein, or by omitting to discharge any duty imposed by law requiring him to keep the sidewalks or any portion of the street in repair. (*City of Rochester* v. *Montgomery*, 72 N. Y., 65; *Robins* v. *Chicago City*, 4 Wall., 667; *City of Lowell* v. *Short*, 4 Cush., 275; *Village of Port Jervis* v. *First Nat. Bk.*, 96 N. Y., 550.)

This rule of law was not disputed by the learned counsel for the respondent. His position is this, which is the basis of his whole argument, that the cause of action stated in the complaint is based on the alleged unlawful acts, wrongs and torts committed by the decedent in his lifetime, and did not survive his death within the rule of the common law, that all actions *ex delicto* die with the person by whom the wrong was done, and in support of his argument cites and relies upon the recent case of *Hegerich* v. *Keddie* (99 N. Y., 258). I think that the questions discussed and determined in that case have no application whatever to the one under consideration. It is not alleged in the complaint that the deceased did or caused to be done any affirmative act which in any way contributed to the injuries received by Ferguson for which the plaintiff became liable to her in damages. The deceased was not charged with doing any act which would make him liable, by the rules of the common law, either to the injured party or to indemnify the plaintiff against his liability to such person. By the rules of the common law, no duty is imposed upon the owner or occupant of land adjacent to a highway or street to improve, repair or keep the same in order. This action cannot be maintained upon the theory that the decedent is a wrong-doer in neglecting to keep the sidewalk in good order. He did not lay down the sidewalk, and had nothing to do with its construction, at least it is not so charged in the complaint. If the plaintiff had a cause of action against the decedent in his lifetime, it must have existed in the provisions of some statute which required him in absolute and unconditional terms to perform some duty in which the public was interested, and which he failed to do, and in consequence thereof the sidewalk became in an unsafe and dangerous condition. The plaintiff bases its claim for indemnity upon the terms of its charter, which charged the defendant with the unqualified duty and obligation to keep the sidewalk in front of his premises in good repair, and that he was primarily liable to the injured party

because he failed to perform the statutory obligation. The charter in force when the accident happened provides that "it shall, in all ·cases, be the duty of the owner of every lot or piece of land in said city to keep the sidewalks adjoining his lots or piece of land in good repair, and also to remove and clean away all snow and ice or other obstruction from such sidewalk, and to keep half the street or alley adjoining the same free from obstruction or obstacle. * * * The superintendent of streets shall have the power to repair any sidewalk where the owner of the property shall neglect to repair the same for five days after written notice so to do has been served on him personally, or at his residence, if his residence be known and he live in the city, or otherwise after being left on the premises. * * * The street superintendent shall have the power to collect the expense of any such work or repair from the owner of the property, and he shall send such owner, if his address be known, a bill of the amount thereof." (Laws of 1881, chap. 343, § 11, amending § 218 of the charter.)

By other provisions the mode and manner of collecting the expense of repairs is provided for. The duty of vigilance is imposed upon the landowner to see that the sidewalks adjacent to his property are kept in good repair, and this obligation is imperative, and depends upon no condition whatever. It cannot be doubted but what the legislature had the power to impose a duty of this nature upon the owner of lands situated within the limits of a municipal corporation. The power conferred upon the corporation is supposed to be for the benefit of property owners as well as for the inhabitants residing within the city limits. The obligation imposed by the statute is in the nature of a tax upon the property of the owner for the purpose of keeping the public streets in repair, which the legislature had the undoubted right to impose. This law was enacted for the protection of all the public using the sidewalks in the city of Rochester, and any person injured by reason of the neglect of the landowner to keep the sidewalks in front of his premises in good repair is *liable* to an action for the damages which he has suffered, if he himself is free from contributory negligence. The principle upon which such liability is based, as stated in the cases already cited, is simply this, that where a person is charged with the performance of a duty, he is liable for his neglect to perform the same to any one

sustaining special damage in consequence thereof. (*Robinson* v. *Chamberlain* and *Conrad* v. *Village of Ithaca, supra*.)

Upon the facts stated in the complaint, Ferguson had her election to proceed against the city or the owner of the property. She elected to proceed against the city, and recovered a judgment for her damages, which the city paid, and it has a remedy over against the personal representatives of Campbell, who was primarily liable. (*Village of Fulton* v. *Tucker*, 3 Hun, 529; *City of Boston* v. *Worthington*, 10 Gray, 499; *City of Rochester* v. *Montgomery* and *Robins* v. *Chicago City, supra*.)

The statutory obligation is in the nature of a contract between the landowner and the public, and an action for a breach of the performance survives the death of the obligor. We do not have before us for consideration on this appeal any question relative to the measure of damages or the rules of evidence applicable to the case.

Judgment should be reversed and the demurrer overruled, with costs of this appeal and of the demurrer, and on payment of the same within twenty days after the service of a copy of this order, the defendants may withdraw their demurrer and interpose an answer to the plaintiff's complaint, and on a failure so to do judgment absolute is ordered for the plaintiff.

Dwight and Macomber, JJ., concurred.

Interlocutory judgment reversed and demurrer overruled, with leave to defendant to withdraw demurrer and answer over on payment of costs.