(173 App. Div. 552)

## WILLIS v. PARKER.

(Supreme Court, Appellate Division, Fourth Department. May 24, 1916.)

1. MUNICIPAL CORPORATIONS ⬥⬥808(7)—DEFECTS IN SIDEWALK—LIABILITY OF ADJOINING OWNER—STATUTE.

Under Auburn City Charter (Laws 1906, c. 185) § 99, requiring the owner or occupant of land abutting on the street to maintain the adjoining sidewalk and providing that such owner or occupant shall be liable for any injury or damage by reason of failure to maintain such sidewalk, providing for serving of notice upon the owner to remedy a defective condition, and making him personally liable to the city, in case of neglect to comply with the notice, for the amount of expense in repairing such condition and making the same a lien on the premises, and section 30, subds. 20–22, 48, 50, 51, and sections 100, 101, and 101a, as amended by Laws 1910, c. 379, giving a city care and control of its streets, with full authority to provide by ordinance for keeping them reasonably safe and passable, an abutting owner is not directly liable to one injured by falling on a defective sidewalk in front of his premises, but only to the city by way of indemnity.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1691; Dec. Dig. ⬥⬥808(7).]

2. MUNICIPAL CORPORATIONS ⬥⬥808(7)—DEFECTS IN SIDEWALK—LIABILITY OF ADJOINING OWNER—STATUTE.

Under Auburn City Charter, § 99, requiring abutting owners to maintain sidewalks, no liability would arise against such owner for injuries from the defective condition of the sidewalk in front of his premises until after notice had been given, and proceedings taken under the charter to compel him to repair the sidewalk, and his default.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1691; Dec. Dig. ⬥⬥808(7).]

Foote and Merrell, JJ., dissenting.

Appeal from Special Term, Cayuga County.

Action by Cora Willis against E. Edwin Parker. From an interlocutory judgment sustaining defendant's demurrer to the complaint, plaintiff appeals. Affirmed, with leave to plead over.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Frank C. Cushing, of Auburn, for appellant.
Amasa J. Parker, of Auburn, for respondent.

KRUSE, P. J. The plaintiff seeks to hold the defendant liable to her for personal injuries she sustained by falling upon a defective sidewalk located in front of his premises in the city of Auburn. Her claim is founded upon the provision contained in section 99 of the charter of the city of Auburn (Laws 1906, c. 185), which requires the owner or occupant of lands fronting or abutting on the street to make, maintain, and repair the sidewalk adjoining his lands, and provides that:

"Such owner and occupant, and each of them, shall be liable for any injury or damage by reason of omission, failure or negligence to make, maintain or repair such sidewalk, * * * or for a violation or nonobservance of the ordinances relating to making, maintaining and repairing sidewalks."

⬥⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

But the section does not state to whom the owner or occupant shall be liable. It further provides for serving notice upon the owner or occupant to repair, remove, or remedy the dangerous or defective condition in a sidewalk adjoining his property, and makes the owner or occupant personally liable to the city, in case of his neglect to comply with the notice, for the amount of the expenses of repairing or remedying such condition, besides making the same a lien upon the premises.

Section 30 of the charter authorizes the city to make ordinances. Ordinances may be made to prevent incumbering the streets and sidewalks (subdivision 20); to compel persons to make and maintain sidewalks (subdivision 21); to compel the removal of dirt, rubbish, snow, or ice from the street between the sidewalk and the center of the street (subdivision 22); to regulate digging in the street (subdivision 48); to control the placing of wires, poles, conduits, and subways in the streets (subdivision 50); to regulate the use of the sidewalks and streets by foot passengers (subdivision 51). Section 36 provides that the commissioner of public works shall have the direction and control of the construction, alteration, repair, care, cleaning, paving, flagging, lighting and improving of streets, ways, and sidewalks, and requires the sidewalk inspector to inspect the sidewalks and see that the provisions of the charter and all the ordinances relating to sidewalks are strictly enforced, and report to the commissioner of public works the location of all sidewalks the condition of which requires new walks to be laid or need repairs. Sections 100, 101, and 101a, as amended in 1910 (Laws 1910, c. 379), give the common council authority to require the owners and occupants to make, maintain, and repair sidewalks and other parts of the street, and in case of neglect the common council may cause the same to be done and have the expense thereof assessed against the property and collected like other taxes, making it a lien upon the lands.

[1, 2] It is contended on behalf of the plaintiff that the Legislature intended to make the owner or occupant of lands adjoining a street primarily liable to the injured person for injuries or damages sustained from a defective sidewalk in front of the premises. The Special Term held that the owner or occupant was not liable directly to the injured person, but only to the city, by way of indemnity. I think that holding is correct; but, whether that is so or not, I am of the opinion that, in order to make the owner liable at all, it is necessary to give the notice and take the proceedings prescribed by the charter for compelling an owner or occupant to repair the sidewalk, and it is not until he makes default that any liability arises against him from the defective condition of the sidewalk. It is not alleged in the complaint, nor is it claimed, that the owner has violated or failed to observe any of the ordinances, or to comply with any notice or requirement of the city respecting the sidewalk in question.

I think it is apparent from the various provisions in the city charter that the state delegated to the city the care and control of its streets, giving it full authority and adequate means for keeping them reasonably safe and passable, and the exercise of this power carries with

it the corresponding obligation upon the part of its officers to perform that duty. Dillon on Municipal Corporations (5th Ed.) § 1704; 2 Shearman & Redfield on Negligence (6th Ed.) § 289. This rule was early adopted in this state. Conrad v. Trustees of the Village of Ithaca, 16 N. Y. 158; Hickok v. Trustees of the Village of Platts-burgh, 16 N. Y. 161, note. This duty is primarily upon the city, not upon the adjoining landowners. The city determines where the side-walk shall be located, how it shall be made, when it shall be repaired, and the manner of doing it; and its authority is supreme. The owner or occupant must conform to the direction of the city, which is the superior authority. If the city and the owner or occupant had equal authority, a conflict might easily arise.

It is true that the statement is made in the opinion in the case of Cushen v. City of Auburn, 22 Wkly. Dig. 387, that a party suffering an injury from a defective sidewalk may pursue either the city or the individual owning or occuping the lands abutting upon the street, and the same statement is reiterated in the opinion in the case of City of Rochester v. Campbell, 55 Hun, 138, 8 N. Y. Supp. 252; but that question was not involved in either of those cases, and the Court of Appeals, in reversing the Campbell Case (123 N. Y. 405, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760) held directly to the contrary, distinguishing the cases cited in the opinion at General Term as authority for that proposition, by pointing out that they were all cases where the dangerous condition of the street was created by the defendants, who were held liable for the consequences of their un-lawful acts, under their common-law obligations as creators of a nuisance, and not by reason of any duty enjoined upon them by statute or otherwise.

I am unable to see how the owner can be held liable here, in view of the reasoning of the Court of Appeals in the Campbell Case, supra; and the doctrine of that case, I think, is in harmony with text-writers and the decisions of other courts. Shearman & Redfield on Negligence (6th Ed.) §§ 301, 343, 384, 701, and cases there cited. The Supreme Court of Minnesota has even gone so far as to hold that a statute which makes an adjoining owner liable for all damages, to whomso-ever resulting, from his default in not keeping a street sidewalk next to his premises in good repair, is unconstitutional, so far as it assumes to make the owner liable to others than the city. Noonan v. City of Stillwater, 33 Minn. 198, 22 N. W. 444, 53 Am. Rep. 23. We do not go to that extent. We hold that under the statute here under consideration no cause of action is stated against the owner.

I think the interlocutory judgment should be affirmed, with costs, with the usual leave to plead over.

LAMBERT and DE ANGELIS, JJ., concur.

FOOTE, J. (dissenting). Plaintiff sustained personal injuries on November 10, 1912, while passing over a sidewalk in the city of Au-burn in the nighttime, because one of the planks which rested upon de-cayed stringers was so loose and insecure that when plaintiff's com-

panion, who was walking with her, stepped upon the plank, it flew up, and plaintiff struck her foot against it, fell, and was seriously injured. She has sued defendant as the owner of the property in front of which this sidewalk was maintained, on the ground that by the charter of the city of Auburn defendant is made personally liable to her. She has alleged that the sidewalk had been in a decayed and dangerous condition for a long time prior to the accident.

The section of the charter (chapter 185, Laws 1906) upon which the liability is predicated is section 99, and is as follows:

"The owner or occupant of lands fronting or abutting on any street, highway, traveled road, public lane, alley or square, shall make, maintain and repair the sidewalk adjoining his lands and shall keep such sidewalk and the gutter free and clear of and from snow, ice and all other obstructions. Such owner and occupant and each of them, shall be liable for any injury or damage by reason of omission, failure or negligence to make, maintain or repair such sidewalk or to remove snow, ice or other obstructions therefrom, or for a violation or nonobservance of the ordinances relating to making, maintaining and repairing sidewalks and the removal of snow, ice and other obstructions from sidewalks, curbstones and gutters. Whenever the commissioner of public works or a sidewalk inspector shall ascertain, have knowledge of, be notified or informed that a sidewalk or any part thereof is in a dangerous condition or in such condition that injury is liable to result from its use, from want of repair, failure to remove snow, ice or other obstruction therefrom or other cause, and such condition can, in his judgment, be remedied without laying a new walk, he shall properly guard the same, and as soon as practicable serve a written notice upon the owner or occupant of the abutting lot, if the same is occupied, requiring such owner or occupant to repair said walk or remove and remedy the dangerous or defective condition thereof, in the manner specified in said notice, within twenty-four hours after such notice."

The section also provides that, if the owner fails to make the repairs within the time required by the notice, then the commissioner or sidewalk inspector shall make the repairs, and the expense shall be paid by the owner, and be a lien upon his lands.

The learned justice at Special Term has construed this section as imposing a duty upon the abutting owner for the benefit of the city only in aid of its right to require the owner to keep his sidewalk in repair, and as not intended to confer a right of action directly against the abutting owner who has failed to discharge the duty, by a person injured thereby; that the remedy of the injured person, if any, is against the city, where the abutting owner has been guilty only of neglect to discharge his duty to repair. The same conclusion has been reached in another Special Term case involving the construction of this section of the charter. See Kosters v. National Bank of Auburn, 62 Misc. Rep. 419, 116 N. Y. Supp. 647.

Both decisions are based to a considerable extent upon the authority of Cushen v. City of Auburn, 22 Wkly. Dig. 387. That was an action against the city for personal injuries caused by snow and ice upon one of its sidewalks, and among the defenses urged was the above-quoted section of the charter; it being contended that this section imposed liability upon the property owner to the exoneration of the city in the first instance. The reporter undertook to state the decision of the court in an abbreviated form, and gave his impression of the purport of the opinion of Mr. Justice Haight as follows:

'Held, that the imposition of liability upon the lot owner for damages occasioned by reason of his negligent omission to remove the snow and ice from the sidewalk in front of his premises did not absolve the city from primary liability for the same injury."

This expression was considered to mean that the injured person must proceed primarily against the city. An appeal was taken by the city of Auburn in that case to the Court of Appeals (see Cushen v. City of Auburn, 109 N. Y. 658, 16 N. E. 684); but the appeal was dismissed for a mistake in practice in appealing from the order of the General Term, instead of the judgment to be entered thereon, and the case was not considered on the merits. But an examination of the complete opinion of Mr. Justice Haight at the General Term, printed in the record furnished to the Court of Appeals, discloses that the report of the case in the Weekly Digest is inadequate, and to some extent misleading. I quote the concluding portion of the opinion, which is omitted in the Weekly Digest report:

"Again, it is contended that under section 313 [chapter 53, Laws 1879, being the same in substance as the present section 99] the owner or occupant of lands fronting or abutting upon the street is liable for any injury that may result by reason of the failure to remove snow and ice on the sidewalk. Very true, the party suffering an injury may doubtless pursue either the city or the individual owning or occupying lands abutting upon the street. It is quite probable, also, that the individual owning or occupying the lands abutting upon the street may be liable to the city for any damages that it may be compelled to pay on account of defective sidewalks, but this does not relieve the city from liability in the first instance."

It is this language which the Weekly Digest reporter interpreted as meaning that the primary liability was upon the city. Of course, the question as to whether the abutting owner was liable in a direct action by the person injured was not involved further than was necessary to a determination of the question of the city's liability. Nevertheless it was plainly the view of the court that the charter provision imposed a direct liability upon the property owner.

It is the settled law of this state that an abutting owner is not liable to a person injured by reason of a defective sidewalk in front of his premises, or to indemnify the city against its liability, in cases where the statute simply imposes the duty upon such owner of keeping his sidewalk in repair, but does not in terms make the owner personally liable. City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760. In that case the charter provision was:

"It shall in all cases be the duty of the owner of every lot or piece of land in said city to keep the sidewalks adjoining his lot or piece of land in good repair, and also to remove and clear away all snow and ice or other obstruction from such sidewalk."

Recovery had been had against the city by a person injured upon a sidewalk which was out of repair, and the city sued the lot owner to recover what it had been compelled to pay on the theory that the primary duty of repair had been cast upon the lot owner by the charter, and the question of the lot owner's liability was presented by demurrer to the complaint. Chief Judge Ruger, writing for a unanimous

court, considered the question upon principle and authority, and in the course of his opinion says:

"It is therefore essential, in this case, for the plaintiff to establish the original liability of the defendants' testator (the lot owner) for the injuries inflicted to the party injured, and if it fails to do this it must necessarily fail in the action. This is attempted to be done through the provisions of the charter. That statute, however, does not in terms assume to make the lot owners liable to the party injured, and we do not think there is anything in its spirit or meaning which creates such a liability. * * * There is nothing in this statute showing that the duty of repairs was imposed upon the lot owners for the benefit of the public generally, or any particular class of individuals. On the contrary, it is quite obvious that neither the public nor individuals at all needed its benefits. They were already sufficiently secured in the right to have passable and safe highways, by the obligations of the charter requiring them to be furnished by the municipality, and abundant indemnity was provided for any damages that might be sustained from defective streets through the common-law liability of the corporation therefor. The statute, therefore, had some other object and purpose, and that can be found in the necessity of furnishing to the municipality, by a proper distribution of burdens, the means of discharging its duty to keep the streets in repair, and that alone."

The learned judge also considered the public policy involved in fixing a personal liability upon the abutting owners, and said:

"Any other conclusion than that reached by us would, we think, be most unfortunate, as it would tend to relax the vigilance of municipal corporations in the performance of their duties in respect to the repair of streets and highways, and impose that duty upon those who might be utterly unable to discharge it. It would tend directly to demoralize the public service and lead to disorder, decay, and impassability of the public highways."

While the charter provision in the City of Rochester Case put the duty of keeping his sidewalk in repair upon the abutting owner, it did not make such owner "liable for any injury or damage by reason of" his failure so to do, as does the Auburn charter. Had it contained such a provision, I think the reasoning of Judge Ruger's opinion would have required a different decision. I see no ground for questioning and power of the Legislature to impose upon the landowner the duty to keep the sidewalks in front of his premises in the public street in repair and safe for public use, and in that connection to also make such owner personally liable to one injured by his failure to discharge such duty. The consideration suggested by Chief Judge Ruger against the wisdom of such a statute does not touch the question of the legislative power.

It seems more reasonable to assume that the words "shall be liable for any injury or damage by reason of omission, failure or negligence to make, maintain or repair such sidewalk" is intended to mean liable to whoever may suffer such injury or damage, be it an individual or the city. I think the act should receive that construction. If the lot owner is to be ultimately liable, it ought not to be necessary to require two actions to enforce that liability, one against the city, and the second by the city against the lot owner. Moreover, in recent years the liability of the city of Auburn, as well as other cities, has been greatly restricted by statute, requiring actual notice to city authorities of defects in streets and sidewalks for a certain length of time before the injury, and by short statute of limitations. So that in many cases,

and probably in this case, the injured party can have no remedy against the city.

It should be borne in mind that this was an already existing board sidewalk, constructed, presumably, according to plans and grades made by the city authorities. The only defect was that the board over which plaintiff stumbled had become loose and insecure. Of course, the owner did not need instructions from the city as to how to repair such a defect. The charter provision applies equally to the dangerous condition of a sidewalk due to snow and ice. I think it clear that the intent is that the owner should keep his walk reasonably clear from snow and ice, or at least from being dangerous to pedestrians on that account, and that such owner is not expected to wait for instructions from the city authorities, and that the personal liability for neglect to discharge this duty arises, whether he has received any notice or instructions from the city authorities or not.

For these reasons, I dissent from the prevailing opinion, and vote to reverse the interlocutory judgment and to overrule the demurrer to the complaint.

MERRELL, J., concurs.