Per Curiam.

In this action for damages for personal injuries sustained by plaintiff when he fell through a coal hole allegedly negligently maintained by defendants in a public sidewalk in front of a building owned by defendant Will and leased in part to defendant Danahy-Faxon Stores, Inc., for commercial purposes, the jury returned a verdict in plaintiff’s favor against defendant Danahy-Faxon Stores, Inc., for $2,000 and in favor *53 of defendant Will for no cause of action. Plaintiff and defendant Danahy-Faxon Stores, Inc., on this appeal challenge the adverse verdicts. On the trial plaintiff introduced in evidence, over the objection of defendant Danahy-Faxon Stores, Inc., section 5 of chapter II of the Ordinances of the City of Dunkirk, New York, which provided: “ Section 5. It shall be the duty of every owner or occupant of any premises fronting on any public street or ground to keep the sidewalk of the same in good order and repair, and he shall allow no accumulation of refuse to remain thereon.”
The court instructed the jury that negligence might be predicated upon a violation of this ordinance, and said defendant excepted. We think that this instruction was prejudicial error. The ordinance did not assume to make the owner or occupant of the abutting premises liable for injury or damage sustained by reason of a failure to keep the sidewalk in good order and repair. (See City of Rochester v. Campbell, 123 N. Y. 405, 413; Willis v. Parker, 225 N. Y. 159.) On plaintiff’s appeal we conclude that the verdict in favor of the defendant Will is against, the weight of the evidence. On this record we think a new trial should be granted as to both defendants.
All concur. Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.
Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.